1  Clayeo C. Arnold, SBN 65070
   JOSHUA H. WATSON, SBN 238058
2  **CLAYEO C. ARNOLD, PC**
   865 Howe Avenue
3  Sacramento, CA 95825
   Telephone: (916) 777-7777
4  Facsimile: (916) 924-1829
   Email: jwatson@justice4you.com
5
   Attorneys for Plaintiff
6  ERIC GUTIERREZ, *individually,*
   *and on behalf of similarly situated employees*
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  ERIC GUTIERREZ, *individually, and on behalf of similarly situated employees,* | Case No.: |
| 12 | **CLASS ACTION AND FLSA COLLECTIVE COMPLAINT** |
| 13            Plaintiffs,<br>    vs. | |
| 14  ROADTEX TRANSPORTATION CORP.; | 1.    FLSA – OVERTIME |
| 15  ROADTEX WAREHOUSE SERVICES CORP; ROADTEX TRANSPORTATION | 2.    FLSA – MINIMUM WAGE |
| 16  CORPORATION; RDTX TRANSPORTATION, INC.; ECHO | 3.    CAL LABOR CODE – MINIMUM WAGE |
| 17  GLOBAL LOGISTICS, INC., | |
| 18            Defendants. | 4.    CAL. LABOR CODE – OVERTIME |
| 19 | |
| 20 | |
| 21 | JURY TRIAL DEMANDED |

22

23

24

25

26

27

28

CLASS ACTION AND FLSA COLLECTIVE COMPLAINT

Comes now Plaintiff ERIC GUTIERREZ, who alleges and complains as follows on information and belief, and who prays for relief from the court.

## SUMMARY

1.     Plaintiff works at a nationwide logistics/warehousing company working in a warehouse in Sacramento, California.  He works in the warehouse with a team of personnel who perform work related to warehouse maintenance and truck loading.  Plaintiff and his similar colleagues are non-exempt and paid by the hour.  They work long hours, typically 12 hours per day, five days per week.  Defendant Roadtex Transportation Corporation, does not provide them with legally compliant lunch and meal breaks.  Instead, employees are expected to work throughout their shifts with the barest of breaks.  The company intentionally falsifies records concerning hours worked to make it appear as though code compliant meal breaks are taken when they are not.  This results in Plaintiff and similarly situated employees losing about 30 min to 60 min worth of pay every day.  Because of their long hours, this is a minimum wage and overtime violation pursuant to the U.S. Fair Labor Standards Act ("FLSA").  This Complaint proposes a national opt-in collective to address this wrong.  This Complaint also presents a California-only putative class action for remedies available under California state law.  It is expected that a companion California Private Attorney General Act ("PAGA") claim will be also filed.  The administrative PAGA complaint is filed and served, but is moving through its 65 day administrative hold at the time this Complaint is filed.  The related PAGA complaint may be filed in this matter via amendment or in California Superior Court unless the California Labor Workforce Development Agency elects to litigate the PAGA matter itself.

## PARTIES

2.     Plaintiff ERIC GUTIERREZ (hereafter "PLAINTIFF") is an adult individual residing in California.  PLAINTIFF was at relevant times was employed by the enterprise known as ROADTEX TRANSPORTATION CORPORATION.

3. The enterprise known as ROADTEX TRANSPORTATION CORPORATION is a company that provides logistics, transportation, and warehousing for products across the nation.  The company operates through a web of entities that act as a single controlled by its most parent entity.  The company does not respect the separations between its entities so as to justify disregarding the separateness of the subsidiary entities and imposing enterprise liability upon all entities making up the enterprise.  Such abuse of the corporate entity is reflected by, among other things, the fact that PLAINTIFF was at all relevant times employed by the enterprise in California, but PLAINTIFF'S wage statements (pay stubs) identified his employer as RDTX Transportation, Inc., an entity not registered with the California Secretary of State and therefore not permitted to engage in regular business within the state.  However, other entities making up the enterprise are registered in California.  PLAINTIFF therefore alleges that all entities making up the enterprise are his joint employers.  These consist of, but are not necessarily limited to the following, all of which are individually and collectively referred to hereafter as DEFENDANTS:

    a.  RDTX Transportation, Inc., with a location at 13 Jensen Drive, Somerset, NJ 08873.

    b.  Roadtex Transportation Corporation, with a location at 13 Jensen Drive, Somerset, NJ 08873.

    c.  Roadtex Transportation Corp., with a registered agent for service of process within California at: Attn: Jerry Corder, 13880 Monte Vista Ave, Chino, CA 91710.

    d.  Roadtex Warehouse Services Corp, with a registered agent for service of process within California at: Attn: Jerry Corder, 13880 Monte Vista Ave, Chino, CA 91710.

    e.  ECHO GLOBAL LOGISTICS, INC., with a registered agent for service of process within California at: CSC - Lawyers Incorporating Service 2710 Gateway Oaks Dr Ste 150N, Sacramento, CA  95833.  This defendant announced

in May of 2022 that it would be acquiring the RoadTex enterprise and is named for that reason since it may be the entity ultimately responsible for payment or administration of any settlement/resolution.

**JURISDICTION AND VENUE**

4.    Subject matter jurisdiction exists via federal question because Plaintiff alleges violation of the U.S. Fair Labor Standards Act (29 USC § 201) (hereafter, "FLSA").

5.    The Court has supplemental jurisdiction over any and all state law allegations in this complaint because they are factually related to the FLSA claims giving rise to the federal question upon which subject matter jurisdiction is based. (28 USC § 1367(a).)

6.    The Court has diversity jurisdiction over this matter because Roadtex has its principal place of business in New Jersey, PLAINTIFF resides in California, putative class members reside in many states throughout the nation, and the prayer for relief requests relief valued at more than $5 Million.  Minimal diversity and the amount requested in relief triggers the Class Action Fairness Act as to diversity jurisdiction. *See,* 28 USC § 1332(d).

7.    The acts and omissions giving rise to this litigation occurred in Sacramento, California, which is within the Court's jurisdiction and venue.

**GENERAL WAGE AND HOUR FACTUAL ALLEGATIONS**

8.    PLAINTIFF and similarly situated employees were employed at all relevant times by DEFENDANTS.  PLAINTIFF was at all times employed in Sacramento County, California.

9.    At all relevant times, PLAINTIFF and similarly situated employees were employed by DEFENDANTS as non-exempt employees entitled to minimum wage and payment for all overtime worked in compliance with FLSA.

10.   At all relevant times, PLAINTIFF and those similarly situated employees who worked in California were employed by DEFENDANTS as non-exempt employees entitled to all protections of the California Labor Code, including without limitation its minimum wage, overtime, and meal break provisions.

CLASS ACTION AND FLSA COLLECTIVE COMPLAINT

11.   PLAINTIFF and similarly situated employees were and are not paid as required by FLSA, as stated below:

    a.   Employees work approximately 12 hours per day 5 days per week.

    b.   As a matter of routine and company policy, employees are not given 30 minutes relieved of all duty for lunch.  Instead, employees are required to work throughout their shifts with only the briefest of breaks.  Such breaks are de minimis.

    c.   DEFENDANTS intentionally alter records of employee work time by adding lunch breaks of about 30 minutes, even though employees continue to work through such times.

    d.   Because DEFENDANTS failed to pay employees all wages due, specifically for unpaid hours of work that were wrongfully deducted from pay due to altering of timecards, DEFENDANTS failed to pay employees correct wages when due.

12.   PLAINTIFF and those similarly situated employees who worked in California were and are not paid as required by the California Labor Code as stated below:

    a.   Employees work approximately 12 hours per day 5 days per week.

    b.   As a matter of routine and company policy, employees are not given 30 minutes relieved of all duty for lunch.  Instead, employees are required to work throughout their shifts with only the briefest of breaks.  Such breaks are de minimis.

    c.   DEFENDANTS intentionally alter records of employee work time by adding lunch breaks of about 30 minutes, even though employees continue to work through such times.

    d.   DEFENDANTS failed and continue to fail to pay "premiums" to PLAINTIFF and similarly situated employees working in California.  Such premiums are required by California law, including by the Labor Code and applicable industrial wage order(s), which require an additional hour of pay whenever an employee is suffered or permitted to work without receiving a required meal

5

period.  A meal period of at least 30 minutes during which an employee is relieved of all duty is required in about the middle of a shift of five or more hours.  When a shift is 10 or more hours, a second such meal period is required. DEFENDANTS failed to provide PLAINTIFF or similarly situated employees working in California with either (and both) of the required meal periods, failed to pay wages at all for those periods, and failed to pay premiums due the lack of compliant meal periods.

e.  Because DEFENDANTS failed to pay employees all wages due, specifically for unpaid hours of work that were wrongfully deducted from pay due to altering of timecards, DEFENDANTS failed to pay employees correct wages when due.

f.  Because DEFENDANTS failed to pay employees all wages due, specifically for unpaid hours of work that were wrongfully deducted from pay due to altering of timecards, DEFENDANTS failed to pay employees correct wages at the times their employment ended such that similarly situated employees in California who separated from DEFENDANTS' employ are entitled to a month of additional pay for failure to pay all wages due at time of separation.

13.  DEFENDANTS' conduct was a knowing and deliberate attempt to evade minimum wage laws, including FLSA and the California Labor Code.  DEFENDANTS were aware of all their obligations under the FLSA and California Labor Code, including but not limited to the obligations that employees must be compensated for all time spent working, that accurate records were required, and that any premiums or statutory damages needed to be paid and reported on time stubs.  DEFENDANTS made the knowing and deliberate determination not to comply with FLSA and the California Labor Code.  The intentional nature of DEFENDANTS' conduct is reflected by the fact that they altered records to make it appear as though they were compliant with the law.

14.  The above allegations were applicable to every workweek that PLAINTIFF was employed by DEFENDANTS, including each workweek starting from PLAINTIFF'S

CLASS ACTION AND FLSA COLLECTIVE COMPLAINT

hire date on about September 4, 2021 to the date of the filing of this Complaint, and ongoing.

15.     The above-alleged pattern of conduct has, on information and belief, been the practice of DEFENDANTS for at last eight years.

## FLSA COLLECTIVE ALLEGATIONS

16.     As to Counts 1 and 2, PLAINTIFF brings this matter as a potential FLSA collective based on the common policy or plan alleged herein with respect to DEFENDANTS' practice of altering timecards to represent meal breaks were taken when in fact they were not.

## CLASS ACTION ALLEGATIONS

17.     As to Counts 3 and 4, PLAINTIFF brings this matter as a putative class action.  The class consists of those employees of DEFENDANTS who: (1) worked in California within the period of September 4, 2021 to the date when this matter is conclusively resolved; (2) worked in a warehouse setting in work involving handling goods, loading trucks, or unloading trucks; and (3) were non-exempt employees entitled to payment of overtime and minimum wage.

18.     Ascertainability: This class of persons may be readily ascertained and contacted by reference to DEFENDANTS' employee records.

19.     Numerosity: DEFENDANTS operate two busy warehouse locations in California.  These facilities operate around the clock.  The facilities have current and past employees within the class definition.  There are so many putative class members that it is not practicable to join all plaintiffs to the litigation, and is believed at the time of pleading to number at or over 50 persons.

20.     Commonality:  Questions of law and fact of the class predominate over any individual concerns of class members as to wage and hour issues presented herein.  Such common issues include but are not limited to:

a.     Establishing the factual accuracy of the claim that DEFENDANTS had a practice of altering records documenting the hours employees worked to manufacture

time off for meal periods.  This common factual matter is the central contention in the matter, and will involve review of paper and electronic records and discovery into audit trails of payroll records.  This is an expensive task that will likely involve interstate discovery/deposition-taking.

b.  Establishing the willful evasion of the California Labor Code provisions at issue to the class.

c.  Determining the method of calculating damages for the putative class members. This method can be set by analyzing a spreadsheet of time records after the scheme to alter records is established.  Establishing the formula through which damages will be calculated is a common issue for all putative class members, with the actual calculation of damages being a ministerial mathematical task once the common formula is established.

21.   Typicality:  The wage and hour claims of PLAINTIFF are typical of the claims of the class members.  PLAINTIFF and all class members were subjected to the same scheme of altering timecards to manufacture compliance with meal period laws and suffered the same pattern of deducting wages.

22.   Adequacy:  PLAINTIFF has agreed to serve as a representative of all similarly situated employees who worked in California.  PLAINTIFF understands that as a class representative he will owe an obligation to work with competent counsel and take actions to promote, advance and prevail on the claims being made, not just individually, but for the collective group of employees as a whole.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has agreed to represent the proposed class and act in furtherance of the class interests.  Plaintiff is aggrieved in a similar manner as the class members, with the only variation being the amount of loss and damage suffered by individual employees as a result of Defendants' common, uniform and systematic practice. Counsel who represent Plaintiff are competent and experienced in wage and hour and class litigation, and are readily able to successfully prosecute this class action.

23. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over questions affecting only individual class members.  Each class member has been damaged and is entitled to recovery by reason Defendants' unlawful behavior.  A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. It is notable that the cost of establishing DEFENDANTS' scheme in the form of admissible evidence is sufficiently high that it would discourage individual litigation on this matter, rendering collective litigation superior.

**FIRST COUNT**

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF**

**FAIR LABOR STANDARDS ACTION 29 U.S.C. § 207**

**(BY PLAINTIFF and SIMILARLY SITUATED EMPLOYEES IN FLSA COLLECTIVE AGAINST ALL DEFENDANTS)**

24. PLAINTIFF incorporates all prior paragraphs by reference.

25. DEFENDANTS failed to pay PLAINTIFF and similarly-situated employees for hours worked in excess of forty hours per week as required by 29 USC § 207 at the rate of one and one-half their regular rates of pay.  This is because the hours the employees worked more than 40 hours per week such that any unpaid wages were overtime wages.

26. PLAINTIFF and similarly-situated employees pray for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award.  This includes but is not limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

27.   Due to the willful nature of DEFENDANTS' behavior, PLAINTIFF and similarly situated employees seek recovery for DEFENDANTS' conduct for the three years preceding the filing of the Complaint in this matter, pursuant to 29 USC § 255.  In the alternative, PLAINTIFF and similarly situated employees seek recovery for DEFENDANTS' conduct for the two years preceding the filing of the Complaint in this matter.

**SECOND COUNT**

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF**

**FAIR LABOR STANDARDS ACTION 29 U.S.C. § 206**

**(BY PLAINTIFF and SIMILARLY SITUATED EMPLOYEES IN FLSA**

**COLLECTIVE AGAINST ALL DEFENDANTS)**

28.   PLAINTIFF incorporates all prior paragraphs by reference.

29.   DEFENDANTS failed to pay PLAINTIFF and similarly-situated employees minimum wage for all hours worked by such employees worked for DEFENDANT.   This is because DEFENDANTS altered employees' records of time worked as alleged above such that the employees were not paid for their work during the falsely documented meal periods.

30.   PLAINTIFF and similarly-situated employees pray for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award.  This includes but is not limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

31.   Due to the willful nature of DEFENDANT'S behavior, PLAINTIFF and similarly situated employees seek recovery for DEFENDANT'S conduct for the three years preceding the filing of the Complaint in this matter, pursuant to 29 USC § 255.  In the alternative, PLAINTIFF and similarly situated employees seek recovery for DEFENDANT'S conduct for the two years preceding the filing of the Complaint in this matter.

10

**CLASS ACTION AND FLSA COLLECTIVE COMPLAINT**

**THIRD COUNT**

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA**

**LABOR CODE §§ 1182.12, 1194, 1194.2, 1197, and Cal Wage Orders**

**(BY PLAINTIFF AND CALIFORNIA CLASS AGAINST ALL DEFENDANTS)**

32.   PLAINTIFF incorporates all prior paragraphs by reference.

33.   Pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197 it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

34.   During all relevant times, IWC Wage Order No. 9 or a substantially similar order, applied to the employment of PLAINTIFF and similarly situated employees working in California for DEFENDANTS.

35.   Pursuant to the applicable Wage Order "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

36.   The applicable Wage Order requires every employer to pay each employee the applicable minimum wage per hour for all time each employee was suffered or permitted to work.

37.   In conjunction with his employment, PLAINTIFF and other similarly situated employees of DEFENDANTS who worked in California were not paid for all hours worked, as alleged.

38.   As a result of DEFENDANTS' failure to pay its employees for the travel time herein described, during all times relevant, PLAINTIFF and other DEFENDANT'S employees have not been paid minimum wages for all hours suffered or permitted to work in violation of the minimum wage provisions of California Labor Code §§ 1182.12, 1194, 1194.2, and 1197, and the applicable Wage Order.

39.   Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by IWC Wage

Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

40. PLAINTIFF and similarly situated employees who worked in California should have received minimum wages in a sum according to proof during all times relevant to this action. DEFENDANTS have intentionally failed and refused, and continues to fail and refuse, to pay PLAINTIFF minimum wages for all time suffered or permitted to work.

41. PLAINTIFF and similarly situated employees who worked in California request the recovery of the unpaid minimum, waiting time penalties, liquidated damages, interest, attorneys' fees, and costs in an amount to be determined at trial.

## FOURTH COUNT

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

## CALIFORNIA LABOR CODE §§ 510, 1194, and Wage Order No. 16-2001 § 3(A)

## (BY PLAINTIFF AND CALIFORNIA CLASS AGAINST ALL DEFENDANTS)

42. PLAINTIFF incorporates all prior paragraphs by reference.

43. Eight hours of labor constitutes a day's work, and any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and any work on the seventh consecutive day shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day, or in excess of 8 hours on the seventh consecutive day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  (Labor Code § 510 and applicable IWC Wage Order.)

44. During all times relevant to this action, PLAINTIFF and similarly situated employees who worked in California worked more than 8 hours per workday, and/or more than 40 hours per workweek as a routine matter as alleged.  However, when their time records were falsely deducted for meal periods they did not take, they did not receive any overtime wages for overtime hours suffered or permitted to work.

45. Based on the misconduct alleged in this Complaint, PLAINTIFF seeks to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs in an

amount to be determined at trial.  This includes but is not limited to liquidated damages in an amount equal to unpaid wages and interest, per code.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For unpaid wages;

2. For liquidated damages;

3. For  prejudgment interest to the extent allowed by law;

4. For attorney's fees as provided by law;

5. For costs of litigation;

6. For orders as necessary to administrate this matter as a collective action pursuant to FLSA, including but not necessarily limited to ordering notice as appropriate for various stages of the litigation to all potential similarly situated claimants, including any opt-in claimants into this litigation, approving any settlement that may be proposed, and issuing orders to allow administering any settlement or trial proceeds as may be obtained in a trial in this matter.

7. For orders as necessary to administrate this matter as a class action as to California Labor Code claims, including but not necessarily limited to class certification, preliminary approval of any settlement or resolution, and final approval of any settlement or resolution.

8. For such other and further relief as this court deems just and proper.

For due process purposes, Plaintiff asserts damages of up to $5,000,001, including all damages and penalties due to Plaintiff and similarly situated employees.  This number may be adjusted upwards or downwards in keeping with information obtained in conformity with law, and is asserted here for default-judgment purposes.

Respectfully submitted,

Date: June 1, 2022                         CLAYEO C. ARNOLD, PC


                                           By: ___/s/ Joshua H. Watson_____
                                               Joshua H. Watson
                                               Attorney for Plaintiff


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all matters subject to determination by a jury.

Date: June 1, 2022                         CLAYEO C. ARNOLD, PC


                                           By: ___/s/ Joshua H. Watson_____
                                               Joshua H. Watson
                                               Attorney for Plaintiff

14

CLASS ACTION AND FLSA COLLECTIVE COMPLAINT

## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer named below, and any other related entities or affiliates (herein after collectively referred as "Defendants").   I authorize my attorneys to attach this consent form to any related complaint filed on my behalf, or as may otherwise be appropriate.

2. This consent form relates to my employment associated with

   Roadtex Transportation Corporation
   _____.

3. I am informed and believe that during my employment, which was within the past three years, there were occasions when I did not receive proper compensation for all of my hours worked.

4. My claims include, but are necessary limited to the following:

   1) Unpaid work hours including but not limited to unpaid time when working but clocked out for lunch;

   2) Late payment of wages without payment of liquidated damages for late wages.

5. I expressly consent to be a party to a claim or lawsuit filed as a collective action. If this action does not proceed collectively, then I also consent to join any subsequent or other action to assert these claims against Defendants and any other related entities or affiliates.

Date ___05 / 09 / 2022_____        Signature _____

                                         Name    _____
                                                    Eric Gutierrez